# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

JAMES BOLAND, *et al.*,  )
 )
          Plaintiffs,  )
 )
          v.  )    **Civil Action No. 10-0601 (ESH)**
 )
B. HOLLAND MASONRY, INC.,  )
*et al.*,  )
 )
          Defendants  )
_____ )

## MEMORANDUM OPINION

Before the Court is plaintiffs' motion for entry of default judgment. This case is an action for legal and equitable relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1145. Defendant B. Holland Masonry, Inc.[1] was served with the complaint on April 28, 2010, but has failed to answer or otherwise defend this action. The Clerk of Court entered default on August 18, 2010. Pursuant to the Court's August 18, 2010 Order directing plaintiffs to move for entry of judgment, plaintiffs have moved for entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2).[2]

A court has the authority to enter default judgment when a defendant fails to defend its

---

[1] Holland & Holland Masonry, Inc., is the "continuation, successor, and/or alter ego of B. Holland Masonry, Inc." (Compl. ¶ 12.) However, Holland & Holland Masonry, Inc. has filed for bankruptcy protection. (Suggestion of Bankruptcy With Respect to Def., Holland & Holland Masonry, Inc., Aug. 17, 2010.) As such, plaintiffs' action against this defendant is automatically stayed pursuant to 11 U.S.C. § 362(a).

[2] The Court has jurisdiction over this matter pursuant to 29 U.S.C. § 1132(e)(1), and venue is proper under 29 U.S.C. § 1132(e)(2). The Court has jurisdiction over defendant pursuant to 29 U.S.C. § 1132(e)(2) and Fed. R. Civ. P. 4(k)(1)(C).

case appropriately or otherwise engages in dilatory tactics. *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980). Courts strongly favor resolution of disputes on their merits, but default judgment is available "when the adversary process has been halted because of an essentially unresponsive party. . . . The diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Jackson v. Beech*, 636 F.2d 831, at 835-36 (D.C. Cir. 1980) (internal quotations omitted). A default judgment is warranted if defendant is a "totally unresponsive" party and its default is plainly willful, as reflected by its failure to respond "either to the summons and complaint, the entry of default, or the motion for default judgment." *Gutierrez v. Berg Contracting Inc.*, No. 99-3044, 2000 WL 331721, at *1 (D.D.C. March 20, 2000) (citing *Jackson*, 636 F.2d at 836). Given "the absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense," it is clear that the standard for default judgment has been satisfied. *Id.*

Although the default establishes a defendant's liability, the Court makes an independent determination of the sum to be awarded in the judgment unless the amount of damages is certain. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). Pursuant to 29 U.S.C. § 1132(g)(2), the Court shall award plaintiffs: (A) the unpaid contributions; (B) interest on the unpaid contributions; (C) an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A); (D) reasonable attorney's fees and costs of the action, to be paid by the defendant; and (E) such other legal or equitable relief as the court deems appropriate. The Court may rely on detailed affidavits or documentary evidence to determine the

appropriate sum for default judgment. *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 69 (D.D.C. 2002).

Plaintiffs have filed the declarations of David F. Stupar, Executive Director of the Bricklayers & Trowel Trades International Pension Fund ("the Fund"), and Ira R. Mitzner, Esq., in support of the motion for default judgment. Based on the declarations, the Court finds that plaintiffs have established damages in the amounts of $122,702.00 in unpaid contributions to the Fund for Withdrawal Liability due and owing upon default under 29 U.S.C. § 1399(e)(5), pursuant to 29 U.S.C. § 1132(g)(2)(A); $21,985.47 in interest on those unpaid contributions, pursuant to 29 U.S.C. § 1132(g)(2)(B); and $24,540.40 for liquidated damages assessed on unpaid contributions, pursuant to 29 U.S.C. § 1132(g)(2)(C). In addition, plaintiffs are entitled to attorney's fees in the amount of $10,095.00 and costs in the amount of $602.00, pursuant to 29 U.S.C. § 1132(g)(2)(D).

Therefore, pursuant to 29 U.S.C. § 1132(g)(2), judgment will be entered for plaintiffs in the amount of $179,924.87. A separate Order of judgment will accompany this opinion.


                                            _____/s/_____
                                            ELLEN SEGAL HUVELLE
                                            United States District Judge

Date: August 27, 2010